[No. 8416.]

SMITH V. SMITH.

1. DIVORCE—*Jurisdiction of County Court.* The County Court may entertain an action for divorce, instituted by the husband. The provisions of Rev. Stat. sec. 2113 have not the effect to restrict the jurisdiction of that court to causes in which the wife is complaining. (72).

2. STATUTES—*Construction—Usage.* Long usage is of potential effect in the construction of a statute. (73.)

*Error to Teller County Court.* Hon. DANIEL A. FERGUSON, Judge.

*Department.*

Mr. SAMUEL H. KINSLEY; for plaintiff in error.

Mr. JOHN E. RINKER, for defendant in error.

Opinion by Mr. Justice TELLER.

The plaintiff in error, defendant below, seeks to reverse a judgment in favor of her husband in an action for a divorce, brought and tried in the County Court of Teller County.

The only error urged is that the trial court overruled defendant's objection to the jurisdiction, which objection was based upon the ground that a husband can not sue for a divorce in the County Court.

In support of that objection counsel relies upon section 2113, R. S. 1908, which reads as follows:

"The District Court, and in all actions where the bill of complaint shall aver that the plaintiff does not ask or

seek alimony in excess of the sum of two thousand dollars, the County Court shall have jurisdiction of cases of divorce and alimony."

This section, counsel says, read in the light of the fact that a husband is in no case entitled to alimony, is conclusive that only wives may be plaintiffs in divorce actions brought in the County Court.

This conclusion, it will be observed, is derived from the use in the statute of the word "alimony."

Such a conclusion, resulting as it does in giving to one party to the marriage contract a right to sue in the County Court, and denying it to the other, with no apparent reason for the discrimination, should be accepted only in case it clearly and necessarily follows from the language of the statute.

We are of the opinion that no such necessity exists. The statute confers jurisdiction upon two courts in "cases of divorce and alimony;" and limits such jurisdiction in the County Court to cases involving claims or property, not exceeding the sum or value of $2,000, in accordance with constitutional requirements. In actions for divorce the principal matter in controversy is the marriage status, and the question of alimony is an incident to it. Ordinarily in such actions, property rights and pecuniary matters are not involved, except by way of alimony, and the use of the word alimony in the averment, required to bring a case within the court's jurisdiction, is not so unnatural as to demand such a construction of the statute as that for which counsel contends.

Indeed, it is hardly conceivable that the legislature, if it intended to make so marked an innovation in practice as to open a forum for one class of possible plaintiffs, and not to another class equally entitled to it, so far as appears, would have left that intention to be inferred from a single word.

That it did not so intend appears from the fact that our

courts have for nearly fifty years permitted husbands as well as wives to be plaintiffs in divorce actions, in the County Court, and the probate court, which the County Court succeeded, and the legislature has passed no statute prohibiting or interfering with that practice.

In *Stebbins v. Anthony*, 5 Colo. 348, an action for divorce brought by the husband, this court held that probate courts, under their general equity jurisdiction might hear and determine suits for divorce.

The opinion in that case quotes the law then in force (Gen. Laws 1877, Chap. 23, Sec. 2), which uses the word "alimony" as in the section now under consideration. The decree in favor of the plaintiff was sustained.

This court has also held that the jurisdictional averment in complaints in County Court cases need not be in a prescribed form. *Hughes v. Brewer*, 7 Colo. 587, 4 Pac. 1115; *Greene v. Gibson*, 53 Colo. 340, 127 Pac. 239.

These cases militate against the position that from the words prescribed for the averment we should determine the extent of the jurisdiction regardless of other considerations.

In view of the construction given to the statutes concerning this subject by both court and bar, as above stated, it is not to be supposed that the legislature, had it intended to limit the powers of the County Court as counsel contends it is limited, would have failed to express its intent in clear and unmistakable terms.

Counsel suggests no reason for allowing only the wife to invoke the powers of the County Court in divorce litigation, while the concurrent jurisdiction of the District Court extends to either party to such litigation.

The trial court did not err in overruling the objection to its jurisdiction.

The judgment is affirmed.

Chief Justice Gabbert and Mr. Justice Hill concurring.

Decided January 3rd, A. D. 1916. Rehearing denied April 3rd, A. D. 1916.