## No. 12,184.

CITY AND COUNTY OF DENVER *v.* TONDALL ET AL.

Decided October 21, 1929. Rehearing denied November 12, 1929.

Mr. Thomas H. Gibson, Mr. Frank L. Hays, for plaintiff in error.

Mr. William H. Scofield, Mr. Con K. O'Byrne, for defendants in error.

*In Department.*

Mr. Justice Campbell delivered the opinion of the court.

The City and County of Denver, as it might do under its special charter powers, adopted a plan to straighten the channel of the South Platte river which flows through the city, and to erect an embankment or dike along its banks to prevent flooding of the adjacent premises. Not being able to acquire by purchase the lands necessary for the public improvement, the city instituted this action or proceeding under the pertinent eminent domain statute of the state to acquire 16 different parcels of land, each containing one or more city lots, that were essential thereto. The statute is chapter 129, S. L. 1911, p. 373, chapter 173, C. L. 1921. It relates to condemnation of public property for any public improvement by right of eminent domain in cities of the first and second classes and those created, as the ciy of Denver was, by the state Constitution.

As required by the provisions of this statute the first hearing on the plaintiff's petition was before a commission of three freeholders. The commission made its report and award of compensation of damages to each of the respective owners of the sixteen separate parcels. Four different owners of parcels filed objections to the commission's award and demanded, and were granted, jury trials, which under the statute they were entitled

to. The jury made separate awards to these four different owners. In the awards to three of them the city has acquiesced. To the award of compensation to the fourth owner, Charles F. Heimbecker, of four parcels, 8, 11, 12 and 13, which the district court approved, the city objected, and is here with its writ of error to have that award set aside. On the hearing before the commission that tribunal fixed the value of these respective parcels and damages to the remainder of the land which Heimbecker owned and that had not been taken for the improvement, as follows:

"Parcel No. 8, actual fair cash market value.$ 500.00
Parcel No. 11, actual fair cash market value. 115.00
Parcel No. 12, actual fair cash market value. 1,335.65
Parcel No. 13, actual fair cash market value. 733.34"
Parcel No. 12, actual damage to remainder
    thereof not taken...................... 1,225.00

$3,908.99

Parcel No. 12, which consisted of several lots, was the only one that had any land "remaining" to which was applicable damages, if any, to such remainder. The commission allowed Heimbecker $3,908.99 for the property which the city actually took for the improvement and damages to the remainder thereof, which remainder, as stated, related only to parcel No. 12. Upon the hearing before the jury it awarded to Heimbecker $5,000 for the land actually taken and $15,000 for damages to the remainder, which is approximately $16,000 more than the award of the commission. To this verdict of the jury, which was approved by the court, this writ of error is prosecuted.

Neither the printed abstract of the record, as prepared by plaintiff in error, nor the supplemental abstract prepared by the defendant in error, nor the second supplemental abstract prepared by plaintiff in error, nor all combined, enable us properly or with satisfaction

to ourselves to determine all of the questions discussed by counsel. There is, however, one objection to the judgment so obviously good that the judgment must be reversed on that ground alone. We, therefore, decline to pass upon all other questions argued by counsel in the absence of a printed abstract of the record that properly and fully presents them for decision. This disposition of the case may not be satisfactory to either party. We cannot, however, in justice to other litigants in other cases who comply with our rules, and without apparent reward to litigants who ignore or violate them, resort to a voluminous transcript to ascertain for ourselves the facts of a complicated case to which the appropriate principles and rules of law are to be applied. Of these four separate parcels of land in question, parcels 8, 11 and 13 were taken in their entirety. Of the lots in parcel No. 12, 21 were actually taken for the improvement, but for the remaining lots of this parcel, damages thereto by reason of the taking of the others therein were fixed by the commission at $1,225, and by the jury at $15,000.

This land of Heimbecker had been platted into Denver city lots. It was situate at or near the bank of the Platte river. He owned approximately 31 city lots, dimensions of each being 25 feet in width and 125 feet in depth. There is no claim that there is any difference in their intrinsic value as lots. Twenty-one of the lots were actually taken by the city for the improvement, leaving 10 lots untouched. For the 21 lots taken, on which all of Heimbecker's improvements were placed, the jury awarded him as compensation $5,000, or at the rate of about $238 per lot. As damages to the remaining 10 lots not taken, it awarded $15,000, or at the rate of $1,500 per lot. On its face such award seems grossly excessive. If the value of each lot actually taken is $238.00, and the value of each lot not taken is the same as the value of the lot taken—and there is no evidence at all that there is any difference in their value as lots—it is difficult to understand upon what basis the jury acted when it fixed

the damages to the remaining lots at $1,500 each, several times the value of the lot itself. The record, however, discloses, even the portion improperly abstracted, that the jury were either improperly instructed, or more likely refused to apply, or misconceived, the proper measure of damages in such cases, even if properly instructed.

■ It is the law in this state, and generally, that the fair, actual cash market value of property taken in a condemnation proceeding, and the fair and actual damages to the remainder of the tract not taken caused by the improvement, equal to the diminution in the market value of the remainder—at the time of the trial or hearing—for any use to which it may be reasonably put, is the true measure of damages in such cases. *Wassenich v. Denver,* 67 Colo. 456, 469, 186 Pac. 533.

■ It is also the law in this state that witnesses who have property qualified as experts may testify in their opinion on the question of the amount of damages. There was such testimony in this case in behalf of the city, but not by any witness thus qualified in behalf of the defendant.

■ The imperfect record before us we think undoubtedly discloses that the jury was permitted to, and did, speculate when it fixed the damages to the remaining 10 lots of the defendant at $1,500 each. There was no basis for such an award in any admissible testimony. These 10 remaining lots were just as valuable for the sand they contained after the city's improvement was made as they were before. It is true that the defendant makes the claim, and introduced testimony in support thereof, that access to these lots by reason of the improvement for the purpose of carrying on his business of hauling and selling sand, is more difficult than before the embankment was constructed. That may be true, but the fact remains that by proper devices such difficulties could be overcome at a far less cost to the defendant than the amount which the jury awarded him as damages. These

remaining lots are at his disposal to utilize as he sees fit, and certainly if they are of such a value as the jury's award would indicate his business of selling sand may still be carried on by him at a profit.

Injury to a business conducted upon lands taken under the right of eminent domain, in the absence of statute expressly allowing it—and we have no such statute—does not constitute an element of just compensation. *Joslin Mfg. Co. v. City of Providence,* 262 U. S. 668, 43 Sup. Ct. 684, 67 L. Ed. 1167; *Morrison v. Cottonwood Devel. Co.,* 38 Wyo. 190, 266 Pac. 117, 122.

Judgment reversed and cause remanded for new trial.

MR. CHIEF JUSTICE WHITFORD, MR. JUSTICE ADAMS and MR. JUSTICE ALTER concur.