No. 23790

The City and County of Denver, a municipal corporation of the State of Colorado, acting by and through its Board of Water Commissioners v. Ralph C. Hinsey, Margurite L. Hinsey, and Edna L. Hurst, as Treasurer of Park County
(493 P.2d 348)

Decided January 31, 1972.

George L. Zoellner, James J. Petrock, for plaintiff in error.

Robert W. Smedley, for defendants in error.

*In Department.*

Opinion by MR. JUSTICE ERICKSON.

Plaintiff in error, the City and County of Denver, instituted this proceeding to condemn a flowage easement across .67 acres of land extending along the North Fork of the South Platte River in Park County, Colorado. Acquisition of the flowage easement was necessitated by proposed improvements in the stream channel, which is an integral part of a transmountain diversion system utilized to provide Denver with water. The condemned land is part of a parcel approximately two acres in size belonging to the defendants in error, Ralph C. Hinsey and Margurite L. Hinsey. The property of the defendants in error is improved with a motel, gift shop, cafe, and small trailer court, none of which is located within the area condemned. The issue of compensation and damages was tried to a jury, which returned a verdict of $19,100. The verdict, when broken down into its component parts, consisted of an award of $3,100 for the taking of the easement and $16,000 for damages to the residue of the property. Judgment was duly entered in accordance with the verdict.

The City and County of Denver contends that the verdict was excessive and seeks reversal and a new trial on the issue of just compensation. In summary, Denver alleges that: (1) the witnesses for the defendants in error were not qualified to give testimony on the value of the property right taken or the damages to the residue of the property; (2) the testimony of Ralph C. Hinsey and the witnesses for the defendants in error as to the market value of the premises

was based upon incompetent considerations; and (3) instructions two, three, and five which were tendered by Denver should have been given. Denver alleges other errors in the trial which we need not review because of counsel's failure to make a contemporaneous objection. However, the first two of the mentioned errors which occurred in the trial require reversal.

The two witnesses whose qualifications are challenged are Bisbee and Breeden. Bisbee is part owner of a realty and investment firm located in Colorado Springs. He has been in the real estate business for five years and has been licensed as a real estate broker in Colorado for approximately a year and one-half. Breeden is a salesman for the firm and is engaged in the listing and selling of properties in and around Colorado Springs. Prior to the time this action was commenced in the trial court, both men visited the property in question for the purpose of determining the fair market value of the premises. They arrived at their respective evaluations of the property based upon personal examinations of the buildings on the premises, the nature of the property site, past earnings of the business on the premises and potential profits to be made by a hypothetical prospective purchaser. Their evaluations of the property were a product of their general familiarity with similar properties in other areas, rather than any knowledge of property values in Park County. Both men testified that although the real estate firm had some listings in Park County, they personally had no experience in the marketing of properties in the area.

This Court has held that before a witness is qualified to give an opinion as to the value of property, it must be shown that he has had the means to form an intelligent opinion, derived from an adequate knowledge of the nature and kind of property in controversy, and of its value. *Denver v. Lyttle,* 106 Colo. 157, 103 P.2d 1 (1940); *Hoover v. Shott,* 68 Colo. 385, 189 P. 848 (1940); *Butsch v. Smith,* 40 Colo. 64, 90 P. 61 (1907). Nichols capsulates the rule in these words:

". . .It will not be presumed that a witness is competent to

give an opinion, but it must be shown that he has some peculiar means of forming an intelligent, correct judgment as to the value of the property in question or the effect upon it by a particular improvement, beyond what is possessed by men generally. This knowledge may be derived from buying and selling, valuing and managing, real estate in the town or county where the particular property is situated or by reason of being acquainted with the property in the neighborhood where it is situated, especially if accompanied by a knowledge of sales of similar property. . . ."

5 *Nichols on Eminent Domain* (1952 ed.) 135, § 18.4(1). *See also,* 159 A.L.R. 11.

█ In this case, there was no evidence presented from which the trial judge could have concluded that the witnesses were competent to testify. It was not shown either from residence or from doing business in the community, or from some equivalent observation, that the two men had acquired such a familiarity with the general level of local values as to enable either of them to judge the present market value of the particular property intelligently. The men had neither bought nor sold property in the county, and there was no evidence that the men had any knowledge of sales of similar property in the area. Indeed, there was no testimony to show that they were cognizant of the market values of any properties in the area. Under these circumstances, the trial court erred in allowing Bisbee and Breeden to testify.

█ The record also reflects that the testimony of Ralph C. Hinsey, Bisbee and Breeden regarding the market value of the property before and after the taking was based on such factors as the present and future earning capacity of the business conducted on the premises, lost profits, cost of restoration of the property, and replacement of damaged improvements. Denver contends that such considerations standing alone and without competent evidence of market value are inadmissible. We agree.

█ In the early case of *City & County of Denver v. Tondall,* 86 Colo. 372, 282 P. 191 (1929), this Court established that:

"Injury to a business conducted upon lands taken under the right of eminent domain, in the absence of statute expressly allowing it — and we have no such statute — does not constitute an element of just compensation. *Joslin Mfg. Co. v. City of Providence,* 262 U.S. 668, 43 Sup.Ct. 684, 67 L.Ed. 1167; *Morrison v. Cottonwood Devel. Co.,* 38 Wyo. 190, 266 Pac. 117, 122."

*Accord, City & County of Denver v. Quick,* 108 Colo. 111, 113 P.2d 999 (1941); *Heimbecher v. City & County of Denver,* 90 Colo. 346, 9 P.2d 280 (1932). *See also,* 1 *Orgel on Valuation Under Eminent Domain,* 529, § 161; 2 *Nichols on Eminent Domain* (2d ed.) 1171, § 446.

The reasoning behind these cases is that the business itself is not being condemned and the business can be relocated elsewhere. Financial success in business is also too ephemeral and is tied to considerations involving the type of business which is being conducted, management, and a variety of other factors which are not tied to the land. Only in limited situations where, for example, the income is derived from the land itself, as in a farming or ranching operation, has an exception been recognized. *See City & County of Denver v. Quick, supra; Farmers' Res. & Irr. Co. v. Cooper,* 54 Colo. 402, 130 P. 1004 (1913). In this case, evidence of the character and amount of business conducted on the land was only admissible for the limited purpose of showing a use to which the land could be put. *City & County of Denver v. Quick, supra.*

■ In this case, the court also admitted testimony on the damage to trees on the property, the replacement costs of a septic tank system, and the cost of fill dirt to raise the level of the property in accordance with the expected rise in the water level of the stream. Denver contends that these costs of restoration and replacement were improperly admitted, because there was no testimony which related these costs to market value. In *Dandrea v. Board of County Commissioners,* 144 Colo. 343, 356 P.2d 893 (1960), this Court held that such evidence was admissible only insofar as it aided the jury

in arriving at the market value of the property before and after the taking. There we stated:

"There should be no confusion between the measure of damages and evidence admissible to show damages. In those cases where elements of damages are admitted in evidence, such as the cost of restoration of property, estimates of replacement value, and other items, they are received only as they would have a bearing on and influence opinion as to value. . . ."

*See also, Department of Highways v. Schulhoff,* 167 Colo. 72, 445 P.2d 402 (1968). Having found the testimony of Bisbee and Breeden to be inadmissible, there is no testimony from which such costs could be related to the market value of the property, and the testimony should not have been admitted.

■ Denver also contends that the instructions were incomplete and did not fully and adequately cover the law governing this case. Our review of the record and the instructions given convinces us that the court properly instructed the jury and committed no error in the instructions which were given in the light of the evidence before the court and jury. The errors which we have previously discussed, however, require that a new trial be held.

Judgment reversed and cause remanded for new trial.

MR. JUSTICE HODGES, MR. JUSTICE KELLEY, and MR. JUSTICE GROVES concur.