### No. C-493

Denver Urban Renewal Authority, a body corporate and politic of the State of Colorado v. Jane Cook, Herbert V. Cook, Richard Lee Cook, Dave Cook Sporting Goods, Inc., a Colorado corporation, and Charles L. Temple, Treasurer of the City and County of Denver — Denver Urban Renewal Authority, a body corporate and politic of the State of Colorado v. Jane Cook, a/k/a Jane B. Cook, Gloria Cook, Herbert V. Cook, Richard Lee Cook, The First National Bank of Denver, a national banking association, F. J. Serafini, Public Trustee of the City and County of Denver, and Charles L. Temple, Treasurer of the City and County of Denver

(526 P.2d 652)

Decided September 16, 1974.     Rehearing denied October 7, 1974.

Clark, Martin and Pringle, Warren O. Martin, for petitioner.

Zarlengo and Kirshbaum, Anthony F. Zarlengo, Spencer T. Denison, for respondents.

*En Banc.*

MR. JUSTICE GROVES delivered the opinion of the Court.

This case involves a condemnation action brought by the Denver Urban Renewal Authority (DURA). The property being condemned (at 1601 Larimer Street, Denver) was owned by the Cook family who leased it to a family-owned corporation, Dave Cook's Sporting Goods Inc. The corporation operated a retail sporting goods store at this location.

The court-appointed commission found that the value of the real estate and improvements was $467,000 and judgment was entered accordingly.

DURA appealed to the Court of Appeals, contesting the amount of the compensation award and claiming that in its determination of fair market value the commission was improperly permitted to consider evidence of the corporation's gross sales. We granted certiorari to the Court of Appeals as to *Denver Urban Renewal Authority v. Cook*, 33 Colo. App. 291, 520 P.2d 143, which affirmed the award of the district court. We reverse.

Both parties' expert valuation witnesses agreed that the capitalization of income or rental value approach is a recognized method for determining the fair market value of property being condemned. In order to arrive at a fair market value under this method it is necessary to determine the reasonable rental value of the property. Valuation witnesses for both parties agreed that the actual amount of rent which the corporation paid to the Cook family was too low and did not fairly represent the property's reasonable rental value. The Cooks' appraisers arrived at a reasonable rental value by calculating a percentage of the corporation's gross sales. It is the use of the gross sales figure as a determinant of rental value to which DURA has taken issue.

It is well settled that when land occupied for business purposes is taken by eminent domain, the owner is entitled to compensation only for the value of the land and improvements but not for the value of any business conducted thereon. On the theory that profits derived from such a business are more a function of the entrepreneurial skills of management than the value of the land, evidence of business profits is not admissible as a determinant of the fair market

value of the condemned property. *Auraria Businessmen Against Confiscation, Inc. v. Denver Urban Renewal Authority,* 183 Colo. 441, 517 P.2d 845 (1974); *City and County of Denver v. Hinsey,* 177 Colo. 178, 493 P.2d 348 (1972). *See* 4 *Nichols on Eminent Domain,* § § 12.3121 and 13.3 (3rd ed. 1971). Under the business profits rule, evidence of the character and volume of business conducted on condemned property is admissible only for the limited purpose of showing a use for which the property may be utilized. *Hinsey, supra; City and County of Denver v. Quick,* 108 Colo. 111, 113 P.2d 999 (1941).

We have not previously ruled on the specific question of whether evidence of gross sales may be admitted for the purpose of determining the reasonable rental value of condemned property. Some jurisdictions have ruled that evidence of gross sales falls under the business profits rule and is therefore inadmissible. *May v. Dewey,* 201 Va. 621, 112 S.E.2d 838 (1960). At least one jurisdiction has forbidden the specific valuation method utilized by the Cooks' experts in this case. "It is not proper in Maryland for an expert to arrive at fair market value by capitalizing gross sales since the nature and location of the property may be but a minor factor contributing to the establishment of a successful business." *Brinsfield v. City of Baltimore,* 236 Md. 66, 202 A.2d 335 (1964). Other jurisdictions, however, do admit evidence of gross sales as a determinant of reasonable rental value. *Ableman v. State ex rel. Secretary of the Department of Highways & Transportation,* 297 A.2d 380 (Del. 1972); *City and County of Honolulu v. Bishop Trust Co.,* 48 Haw. 444, 404 P.2d 373 (1965).

█ We believe that gross sales like profits are more inextricably tied to the management and administration of a business than to the value of the property upon which the business is situated. The same reasons that cause the amount of profits to be an inappropriate measure of the value of the land are applicable to the use of gross sales figures, albeit to a lesser degree.

We hold that evidence of gross sales falls within the

purview of the business profits rule and, therefore, is inadmissible as a determinant of a reasonable rental value.

The judgment of the Court of Appeals is reversed, and the cause is remanded to the Court of Appeals for return of the cause to the district court with directions to vacate the award and to order a new hearing to be conducted consonant with the views expressed herein.

MR. CHIEF JUSTICE PRINGLE does not participate.