## No. C-959

**Denver Urban Renewal Authority, a body corporate and politic of the State of Colorado v. Berglund-Cherne Company, a Colorado corporation**

(568 P.2d 478)

Decided September 6, 1977.                    Rehearing denied September 26, 1977.

John H. Williamson, for petitioner.

Dawson, Nagel, Sherman & Howard, Raymond J. Turner, for respondent.

Gorsuch, Kirgis, Campbell, Walker and Grover, Joseph M. Montano, for The American Institute of Real Estate Appraisers, Colorado Chapter No. 22 and the Society of Real Estate Appraisers, Denver Chapter No. 9, amicus curiae.

*En Banc.*

MR. JUSTICE ERICKSON delivered the opinion of the Court.

The Denver Urban Renewal Authority (DURA) commenced an eminent domain proceeding to condemn two parcels of real property owned by Berglund-Cherne Co. (property owner). The property which is the subject of this condemnation proceeding is located at 8th and Curtis Streets in the City of Denver and is within the Auraria Urban Renewal Project. Trial of the issues was before a commission. The commission filed a certificate of ascertainment and assessment which set the total value of the parcels at $263,800. The award of $245,800 for the larger of the two parcels was appealed by DURA to the court of appeals. The court of appeals affirmed the award and sustained the commission's rulings on the admissibility of certain evidence. *Denver Urban Renewal Authority v. Berglund-Cherne Co.*, 37 Colo. App. 360, 553 P.2d 99 (1976). We granted certiorari and now affirm the court of appeals.

The three issues DURA raises relate to testimony as to the value of the condemned property and are:

(1) Whether the capitalization of income approach may be used to determine the value of owner-occupied property in eminent domain proceedings.

(2) Whether an expert witness can render an opinion based upon hearsay information as to income from a lease.

(3) Whether a property owner, who is not an expert witness, may testify as to his opinion of the accrued depreciation when expressing an opinion of the value of his property.

We answer the questions in the affirmative.

I.

In arriving at an opinion as to value, real estate appraisers traditionally utilize three approaches:

(1) The market data or comparable sales method.

(2) The cost of construction or reproduction costs less depreciation method.

(3) The capitalization of income method.

The court of appeals in its opinion implies that the capitalization of income approach is inappropriate and inadmissible when owner-occupied property is the subject of eminent domain. In our view, the income approach is admissible and income from a lease may be utilized by an owner to support his opinion as to value. Opinions as to the value of real property, whether based upon the comparable sales approach, the capitalization or income approach, or the reproduction costs less depreciation approach, all are intended to provide an owner or an expert with a method of arriving at the fair, actual cash market value of the property to be condemned. Market data or the comparable sales approach generally provides the best evidence of value. *United States v. 3,698.63 Acres of Land*, 416 F.2d 65 (8th Cir. 1969). The capitalization of income approach is utilized by appraisers to formulate an opinion as to value which reflects

the net income generated by the property during the remainder of its productive life.

■ The economic rent which the property will command in the open market less deductions for normal operating expenses equals net operating income. To arrive at the fair market value of the property, the net operating income is then capitalized at a rate of return which is anticipated for similar properties.

■ Many factors enter into the weight which is to be given the income approach: inflation, the prime interest rate, the availability of similar property for rental purposes, as well as the cost of operating and maintaining similar property for rental purposes.

■ By its very nature, the capitalization of income approach depends upon the expert employing an estimate not only as to rental value, but also as to expenses and as to the rate of return on such an investment over a long period of time.

■ We recognized the validity of an opinion based on the income approach in *Denver Urban Renewal Authority v. Cook*, 186 Colo. 182, 526 P.2d 652 (1974). The lack of comparable sales to support a market data approach made it necessary in the *Cook* case to consider the capitalization of income as a basis for supporting the expert's opinion. While we are aware that some jurisdictions limit the income approach to such situations, *United States v. Certain Interests in Property in Cumberland County, State of North Carolina*, 185 F. Supp. 555 (E.D.N.C. 1960), *aff'd*, 296 F.2d 264 (4th Cir. 1961); *State v. O'Neal*, 150 So. 2d 608 (Ct. App. La. 1963), we believe the better rule is to permit its use even if other methods of appraisal are available. *United States v. 1.16 Acres, More or Less in City of Stamford, County of Fairfield, State of Connecticut*, 300 F. Supp. 1021 (D. Conn. 1969); *City of Baltimore v. Concord Baptist Church, Inc.*, 257 Md. 132, 262 A.2d 755 (Ct. App. Md. 1970); *Salt Lake County v. Kazura*, 22 Utah2d 313, 452 P.2d 869 (1969); 5 *Nichols on Eminent Domain*, §19.23, p. 19-34 (Rev. 3d ed. 1975).

■ The approach which we have elected to follow takes into account the practice followed by appraisers in preparing an opinion as to value. Appraisers do not adopt an isolated approach to reach an opinion as to value, but attempt to utilize all three approaches to test the validity of their conclusion as to the fair and actual cash market value of the property to be condemned. Opinion evidence as to value requires that the unique and different characteristics of every individual piece of property be analyzed for its comparability to other property that bears comparable characteristics. Factual circumstances may cause one approach to valuation to be more appropriate than another. Rarely are two pieces of real estate identical, and usually each parcel of real property has advantages and disadvantages which are not possessed by another. No purpose is served by

limiting testimony to one approach or to the most appropriate method of attaining an opinion as to value. Recognition should be given to all relevant factors which tend to provide a means for arriving at a fair evaluation.

The trier of fact has the duty to weigh the opinion and judge the credibility of an expert witness on value to determine which of the three approaches is most indicative of the actual market value of the property to be condemned.

In *Cook*, we considered two methods of calculating economic rent in considering the expert's opinion as to the value under the income approach. We permitted an expert witness in *Cook* to express an opinion as to economic rent based upon use of the comparable rental approach. However, in *Cook*, we disapproved the calculation of rental value by utilizing a percentage of gross sales to arrive at value, because such an approach fell within the business profit rule and could not be a determinant in reaching rental value.

The business profit rule, long followed in Colorado, requires the exclusion of business profits generated by an enterprise on the property. The foundation for the rule is that (1) the business itself is not being condemned and can be relocated, and (2) business profits are more a function of the entrepenurial skills of management than of the value of the land. *Auraria Businessmen Against Confiscation, Inc. v. Denver Urban Renewal Authority*, 183 Colo. 441, 517 P.2d 845 (1974); *City and County of Denver v. Hinsey*, 177 Colo. 178, 493 P.2d 348 (1972); 5 *Nichols on Eminent Domain*, §19.3[1], p. 19-48.1 (Rev. 3d ed. 1975). Under the business profit rule, evidence of the character and volume of business conducted on the premises is admissible only for the purpose of showing a use to which the land could be put. *Denver v. Hinsey, supra; Denver Urban Renewal Authority v. Cook, supra; City and County of Denver v. Quick*, 108 Colo. 111, 113 P.2d 999 (1941).

But a crucial distinction must be made between "profits derived from a business conducted on the premises" and "profits derived from the land itself." Only the first is inadmissible under the rule. This court has previously held that evidence of farm and rental income is admissible as "profit derived from the land itself." *Denver Urban Renewal Authority v. Cook, supra; Montgomery Ward & Co., Inc. v. City of Sterling*, 185 Colo. 238, 523 P.2d 465 (1974); *Denver v. Quick, supra; Farmers' Res. & Irr. Co. v. Cooper*, 54 Colo. 402, 130 P. 1004 (1913). We hold that the fair economic rental value of commercial property is also evidence of "profit derived from the land itself" and is therefore admissible as a determinent of value in conjunction with the income approach. 1 *Orgel, Valuation Under the Law of Eminent Domain*, §180, p. 704 (2d ed. 1953).

## II.

DURA contends that the court of appeals erred in ruling that its expert witness could not testify to an opinion based upon hearsay information as to rental income for comparable property. The admissibility of three interrelated items requires analysis: (1) comparable rentals used by an expert to form his opinion of economic rent, (2) the opinion of economic rent used to form an opinion of fair market value, and (3) the opinion of fair market value calculated by use of the income approach.

Although we concluded in Part I that the value of economic rent, as evidence of income derived from land, is admissible in eminent domain cases, such evidence still must be competent under the rules of evidence. The court of appeals held that DURA's expert witness could not testify to his opinion of economic rent on the ground that it was a hearsay "circumstance" or "fact" under *Denver v. Quick, supra*, which was used to fortify an opinion. We disagree.

A trend exists towards relaxing the hearsay rules as to expert opinion testimony. Rule 703 of the new Federal Rules of Evidence typifies this trend:

"The facts or data in the particular case upon which an expert bases an opinion or inference may be those perceived by or made known to him at or before the hearing. If a type reasonably relied upon by experts in the particular field in forming opinions or inferences upon the subject, the facts or data need not be admissible in evidence."

Although Colorado has not adopted the Federal Rules of Evidence, we are in general agreement with the approach of Rule 703 and with those jurisdictions which have followed the trend. *H. & H. Supply Co. v. United States*, 194 F.2d 553 (10th Cir. 1952); *Warren v. Waterville Urban Renewal Authority*, 235 A.2d 295 (Me. 1967); *Dept. of Public Works & Bldgs. v. Hufeld*, 68 Ill. App.2d 120, 215 N.E.2d 312 (1966); *State Highway Dept. v. Edmunds*, 113 Ga. App. 550, 149 S.E.2d 182 (1966). *See also, Board of Directors of the Baker Metropolitan Water and Sanitation District v. Calvaresi*, 156 Colo. 173, 397 P.2d 877 (1965).

We hold that an expert's opinion of economic rent is admissible although based in part upon hearsay. These opinions are not mere circumstances or facts used to fortify the ultimate opinion of value, but rather are the product of a judgmental process which combines education, training, experience, and hearsay information to arrive at an intelligent reasoned conclusion of value. But this evidence of economic rent is admissible only for the limited purpose of establishing the basis for the expert's final opinion of value. It is inadmissible as substantive evidence; that is, it cannot be offered to establish the truth of the matter it asserts.

It follows, in view of the above discussion, that an expert can express an opinion of value calculated under the income approach even though based in part upon hearsay as to comparable rentals.

■ As with all expert testimony, before a witness can express an opinion he must be properly qualified as an expert, and a foundation must be laid to establish a basis to conclude that he has the means and ability to form an intelligent opinion. *Denver v. Hinsey, supra*; *City and County of Denver v. Lyttle*, 106 Colo. 157, 103 P.2d 1 (1940).

■ The record in this case establishes that DURA's witness explained in detail the income approach of appraisal. But he was not permitted to express an opinion of economic rent because of the experts use of hearsay information as to comparable rental income, nor was he permitted to express an opinion on value under the income approach when first asked. Both denials constituted error. But these errors do not warrant reversal because the witness was permitted to offer his opinion of value under the income approach to the commission in the course of his subsequent cross-examination.

### III.

■ In its third assignment of error DURA challenges the competency of the property owner to testify to his opinion of accrued depreciation without first qualifying as an expert. In Colorado, the general rule is that a property owner may testify as to his opinion of the value of his own property. *District v. Calvaresi, supra*; *Baker Metropolitan Water and Sanitation District v. Baca*, 138 Colo. 239, 331 P.2d 511 (1958). 5 *Nichols on Eminent Domain*, §18.4[2], p. 18-106 (Rev. 3d ed. 1975).

■ We are in agreement with the court of appeals' conclusion that the witness in this case qualified as a property owner. When a person is an officer of a corporation and also the majority or controlling stockholder, he is, without further qualification, competent to express an opinion as to the value of his corporation's property. *Atkinson v. Marquart*, 112 Ariz. 304, 541 P.2d 556 (1975); *Weber v. West Seattle Land and Improvement Co.*, 188 Wash. 512, 63 P.2d 418 (1936).

■ DURA contends that, notwithstanding the witness' competency to state an overall opinion of value, he is still not competent to express an opinion as to the depreciation of the buildings. We disagree. The court of appeals correctly relied upon *Calvaresi, supra*, in which this court held that a property owner could testify to his opinion of the depreciation in market value of his property caused by the taking. This case presents an analagous situation. To permit a witness to express an opinion of value without allowing him to set forth the basis for his opinion is to deny the trier of the fact a basis for weighing and evaluating his testimony. As with the expert's opinion of economic rent discussed in Part II, the owner's opinion as to depreciation is admissible solely to establish a basis for his opinion and is inadmissible as substantive evidence.

### IV.

DURA alleges that the property owner waived his right to object to the testimony of DURA's expert on value under the income approach by

questioning him about that approach on cross-examination. In light of our conclusions in Parts I and II it is not necessary to address this issue.

Reversible error did not occur and the judgment of the court of appeals is therefore affirmed.