**Robert L. CONNELL and Marion P. Walsh, Plaintiffs-Appellees,**

v.

**SUN EXPLORATION AND PRODUCTION COMPANY, Defendant-Appellant.**

No. 80CA0700.

Colorado Court of Appeals, Div. II.

Aug. 12, 1982.

Rehearing Denied Sept. 2, 1982.

Certiorari Denied Dec. 6, 1982.

The assignment from Connell to Sun Oil contained a provision requiring Sun Oil to notify Connell and giving him an opportunity to reacquire the lease if Sun Oil desired to let it expire. On October 1, 1976, Sun Oil breached that reassignment clause by allowing the lease to expire. Connell and Walsh sued, and at the first trial, Sun Oil admitted it had breached the contract but contested the amount of damages. Judgment was entered for Connell and Walsh in the amount of $25,018.

On appeal, this court held that a reassignment clause was not to be construed as a liquidated damages clause, but rather, a limitation of liability clause. However, the case was remanded for the trial court to determine the fair market value of the lease on the date of the breach. *Connell v. Sun Oil Co.,* 42 Colo.App. 311, 596 P.2d 1215 (1979).

At the second trial, the parties stipulated that the lease terminated on October 1, 1976. The court found that there was "ample evidence in the record to establish that the fair market value of the leases involved herein on October 1, 1976, the day of the breach, was $25,018" and awarded plaintiffs that sum plus costs. Sun Oil appeals.

■ Sun Oil first complains that the trial court erred in allowing the plaintiffs' witnesses to testify because the plaintiffs had not complied with Denver District Court Rule 14(a)(5). That rule requires a statement of the nature of all of the witnesses' testimony to be included in a trial data certificate. The plaintiffs' trial data certificate was filed on April 8, 1980, and trial began May 7, 1980. Sun Oil had one month to complain or request the court to grant a continuance. Instead, it announced readiness for trial. The trial court ruled that Sun Oil had waived its right to object at trial. We agree.

The situation in *Smith v. Ford Motor Co.,* 626 F.2d 784 (10th Cir.1980), a case relied upon by Sun Oil, differs from the facts here. Contrary to the situation in *Smith,* Sun Oil knew a month in advance of trial that the plaintiffs intended to call these

Hall & Evans, Raymond J. Connell, Denver, for plaintiffs-appellees.

C.E. Eckerman, Denver, for defendant-appellant.

STERNBERG, Judge.

The defendant, Sun Oil Company, appeals the amount of damages awarded the plaintiffs, Robert L. Connell and the Estate of Marion P. Walsh. We affirm.

Marion P. Walsh acquired a federal oil and gas lease to approximately 1,000 acres of land in Moffat County, Colorado. She assigned her interest to Connell for $5.00 per acre and an overriding royalty interest. Connell then assigned his interest to Sun Oil Company for $25 per acre and an overriding royalty interest.

witnesses. Although plaintiffs should have included a brief description of the witnesses' testimony, Sun Oil could have requested explanation from the plaintiffs and, in any event, did not request a continuance to obviate any prejudicial surprise. Thus, the court did not abuse its discretion in allowing the testimony.

■ Relying upon *City & County of Denver v. Hinsey,* 177 Colo. 178, 493 P.2d 348 (1972), Sun Oil next asserts that testimony of plaintiffs' witnesses was wrongfully admitted as "expert" rather than "lay." However, in *Hinsey* the experts had no experience in the county, had not done business in the community, had neither bought nor sold property in the county, nor did they have any knowledge of sales of similar property in the area. Here, the witnesses were acquainted with the geological formation in the county, they had participated in acquisitions of oil and gas leases immediately south of the Connell lease, they had negotiated the purchase of leases within the county, and they had knowledge of sales within four miles of the Connell lease. Thus, there was no error in receiving their testimony as being expert in nature.

Sun Oil also argues that its witness had "first hand" knowledge of the value of the Connell lease, but was not allowed to testify as a lay-person. But, on questioning it was found that Sun Oil's witness had knowledge only of the sale of the lease to Connell in 1974, and not of any sale in 1976. And, the witness was allowed to testify as to his opinion of the fair market value of the lease.

■ Colorado Rules of Evidence 702 states:

"If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise."

The trial court has wide discretion in determining whether these requirements are met. *Starkey v. Bryan,* 166 Colo. 43, 441 P.2d 314 (1968); *City of Boulder v. Burns,* 135 Colo. 561, 313 P.2d 712 (1957). Here, because the witness was allowed to testify regarding his opinion, we conclude that the trial court did not abuse its discretion in characterizing the witness as an expert and receiving only opinion evidence from him.

Sun Oil also contends that, because it was forced to pay a higher price to Connell in 1974, the court erred in considering the possibility that the lease had a greater value in 1976. It asserts that the trial court did not base its decision on the proper definition of "fair market value." We disagree.

■■ Fair market value is "the price a buyer is willing to pay and the seller is willing to accept under circumstances that do not amount to coercion." *City of Thornton v. Public Utilities Commission,* 157 Colo. 188, 402 P.2d 194 (1965). At trial, witnesses testified that the value of the lease ranged from nothing up to $41,000. Thus, there being evidence in the record to support the trial court's conclusion, it is binding on review. *Broncucia v. McGee,* 173 Colo. 22, 475 P.2d 336 (1970).

■ Asserting the evidence to have been too speculative, Sun Oil next contends that the trial court erred in allowing testimony as to the value of the overriding royalty, and in allowing evidence of an offer to buy the overriding royalty. We disagree. Connell could have reassigned his lease and obtained another overriding royalty from another producer had Sun Oil not breached the agreement. And, where damages are traceable to the wrongful conduct, the uncertainty as to the amount is a question of fact for the trier of fact, the trial court here. *Peterson v. Colorado Potato Flake & Manufacturing Co.,* 164 Colo. 304, 435 P.2d 237 (1967). Further, even though an offer to buy is not usually admissible, *D. Dobbs, Remedies* § 5.10 (1973), we must presume that all incompetent evidence was disregarded by the trial court when it decided the issue. *Howard v. International Trust Co.,* 139 Colo. 314, 338 P.2d 689 (1959).

Sun Oil's remaining contentions are without merit.

The judgment is affirmed.

PIERCE and BERMAN, JJ., concur.