533 P.2d 45 (1974)
The BOARD OF COUNTY COMMISSIONERS OF the COUNTY OF EAGLE, State of Colorado, and the State Department of Highways, Division of Highways, State of Colorado, Petitioners-Appellees,
v.
HAD ENTERPRISES, INC., a Colorado Corporation, Respondent-Appellant, and
Hubert N. Peterson, as Treasurer of Eagle County, Colorado, Respondent.
No. 73-257.
Colorado Court of Appeals, Div. III.
December 24, 1974.
Rehearing Denied January 21, 1975.
Certiorari Denied April 7, 1975.
John P. Moore, Atty. Gen., Joseph M. Montano, Leonard Ripps, Sp. Asst. Attys. Gen., Denver, for petitioner-appellee State Dept. of Highways, Div. of Highways, State of Colorado.
Clark, Martin & Pringle, James A. Clark, Bruce D. Pringle, Denver, for respondent-appellant HAD Enterprises.
No appearance for petitioner-appellee Bd. of County Commissioners of the County of Eagle.
Selected for Official Publication.
STERNBERG, Judge.
HAD Enterprises, Inc., leased approximately four acres of ground for operation of a trailer park from Vail Associates, Ltd., for a period of ten years from October 1, 1963. The State Department of Highways, having previously condemned the lessors' interest in the property, brought this action in eminent domain to *46 acquire HAD's leasehold interest. A commission of three freeholders heard the case and determined the value of the leasehold to be $58,437.33. The district court entered its rule and order based on this award. HAD appeals. We affirm.

I.
HAD contends that the Highway Department did not comply with its request for a copy of a revised written appraisal, and that such failure should have led to the appraiser being precluded from testifying. We do not agree. Assuming, but not deciding, that the actions of the Highway Department did constitute a violation of 1969 Perm.Supp., C.R.S.1963, 113-2-4(2)(a)(v), a section of the open records law, there is nothing in the act stating that in the event of a violation of its terms the testimony of a witness is not to be accepted. Rather, Sec. 113-2-4(5) contains provisions under which one who is denied the right to inspect records may seek an order from the district court compelling the custodian to allow inspections, and may, in some instances, be awarded costs and attorney's fees. Also, Sec. 113-2-6 provides that one who violates the terms thereof shall be guilty of a misdemeanor and may be subject to a fine and imprisonment. These provisions are the sole remedies under the act. HAD did not apply to the court for relief under Sec. 113-2-4, nor did it move for a continuance for the purpose of so applying. Moreover, where the legislature has not seen fit to authorize a particular remedy in a statute, we cannot supply one. See Board of County Commissioners v. Pfeifer, Colo.App., 532 P.2d 51 (announced December 10, 1974). Thus, there was no error in permitting the Department's appraiser to testify.

II.
The lease from Vail Associates, Ltd., to HAD provided that the lessors could cancel it upon payment to HAD of 120% of the value of the improvements installed on the property by HAD. During the course of the hearing, members of the commission commented that since the Highway Department had already acquired the lessors' interest in the property, a proper approach to value would be to place the Department in the position of the lessors under the lease. This would have limited the condemnation award to the amount of money that the lessee, HAD, was entitled to under the cancellation provision of the lease. Since this approach would have erroneously allowed consideration to be given to the earlier condemnation, attorneys for both sides perceived that it would be error. Hence, a recess was taken and the attorneys and the chairman of the commission discussed the situation with the trial judge.
The problem was explained to the court and HAD moved for a mistrial on the grounds that the commission was considering use of an improper method of determining the market value of the property. The court denied the motion and stated to the chairman that, "You should disregard any provision in the lease that would purport to set up any other method of determining value." Furthermore, the court prepared and issued to the commission the following curative instruction:
"You are instructed that in arriving at the fair market value of the interests of HAD Enterprises, Inc., you cannot consider in any way this condemnation or the condemnation of the interest of Vail Associates, Inc. To give any consideration to these proceedings would be improper. You must value the interests of HAD Enterprises, Inc., as if no condemnation ever took place or ever was to take place."
HAD asserts that the failure to order a mistrial requires reversal. We do not agree. Not only was the curative instruction given, and the chairman told to disregard the lease provision, but also after the above instruction was given, the chairman stated that he now understood the legal proposition involved and felt sure that the commissioners would follow the instruction. Thus, it is apparent that the erroneous conception as to valuation was rectified by the curative instruction.

*47 III.
HAD's final allegation of error relates to the question of income generated through rental payments from trailers owned by HAD located on the property, as distinguished from the trailer pads that were permanent improvements thereon. Three witnesses testified on the question of value. Amato, the corporation's principal operating officer, and Bresnahan, an appraiser, testified for HAD. The Department used an appraiser, Bowes, during its case. All three of the witnesses used the income approach to value, taking the income generated from the trailer pads and the utilities, deducting expenses, capitalizing the resulting figure, and thus, arriving at their conclusions of value. Additionally, the witnesses for HAD gave some value to the option to renew the lease, and Bowes presented testimony on the "cost less depreciation" approach to value during his testimony.
While the Department's appraiser was being cross-examined, it was revealed that his earlier written appraisals had included income produced by the trailers, in addition to income produced by the trailer pads. These earlier appraisals were received in evidence for impeachment purposes. HAD contends that the earlier appraisals and the trailer income included therein should have been considered by the commission for substantive evidentiary purposes as well, and not to do so was error. There is no merit to this contention.
As recently stated in Denver Urban Renewal Authority v. Cook, Colo., 526 P.2d 652:
"It is well settled that when land occupied for business purposes is taken by eminent domain, the owner is entitled to compensation only for the value of the land and improvements but not for the value of any business conducted thereon."
Since the trailers are personal property and were not themselves condemned, the commission's refusal to consider income from them was correct. See City and County of Denver v. Hinsey, 177 Colo. 178, 493 P.2d 348; 4 P. Nichols, Eminent Domain § 13.3 (rev. 3rd ed. J. Sackman).
Judgment affirmed.
RULAND and VanCISE, JJ., concur.