**Walter Allen POPE, Plaintiff-Appellant,**

v.

**The TOWN OF GEORGETOWN, Colorado, a territorially chartered town, the Honorable Dwight Graham, individually, and as the duly elected Police Judge of Georgetown, Colorado, Mary Martha Bleesz, individually, and as the duly elected Selectman of the Town of Georgetown, Colorado, Herbert Brazelton, individually and as a duly elected Selectman of the Town of Georgetown, Colorado, Greig Porter, individually, and as a duly elected Selectmen of the Town of Georgetown, Colorado, Kay Spencer, individually, and as a duly elected Selectman of the Town of Georgetown, Colorado, Jerry Buckley, individually, and as a duly elected Selectman of the Town of Georgetown, Colorado, and Phillip White, individually, and as a duly elected Selectman of the Town of Georgetown, Colorado, Defendants-Appellees.**

**No. 81CA0054.**

Colorado Court of Appeals, Div. I.

April 8, 1982.

Rehearing Denied April 29, 1982.

John Kokish, P. C., John Kokish, Castle Rock, for plaintiff-appellant.

Stitt, Wittenbrink & Nieman, James R. Stitt, Westminster, for defendants-appellees.

COYTE, Judge.

Plaintiff, Walter Allen Pope, appeals the amount of judgment entered in his favor for attorneys fees. We affirm.

Plaintiff sought records of fire inspections held by the fire department in Georgetown. He made demands upon the fire department and upon the town officials for these records. Eventually the fire department filed a declaratory action to determine whether the records of fire inspections were public records and subject to public inspection. Plaintiff sought to intervene in the declaratory action brought by the fire department. However, the court refused intervention on the basis that plaintiff's interests were amply represented by the town. Plaintiff, however, was allowed to appear as amicus curiae.

In its declaratory judgment, the trial court held that the records were public and that plaintiff was entitled to inspect them. Plaintiff subsequently made further efforts to inspect the records, but they were not delivered to him. He then filed the present action to obtain an order entitling him to inspect the records and to recover attorneys fees which he had incurred in attempting to get these records. Eventually, the records were made available to him for his inspection. The trial court did not allow plaintiff to recover attorneys fees for his costs prior to instituting this suit, but awarded plaintiff $750 in attorneys fees for expenses in this action.

Plaintiff contends that the trial court's award of damages was inadequate and that he should be reimbursed for the entire amount of his out-of-pocket expenses. We disagree.

 The procedure set forth in § 24–72–204(5), C.R.S.1973, is the exclusive remedy set forth in the statute when a custodian fails to allow inspection of records. *Board of County Commissioners v. HAD Enterprises, Inc.*, 35 Colo.App. 162, 533 P.2d 45 (1974). Since plaintiff did not follow this procedure in his attempts to inspect the records and in filing his amicus curiae brief, the trial court properly denied his request for attorney fees incident to the earlier declaratory judgment action.

 In the instant case, plaintiff's only entitlement to fees would be by virtue of compliance with § 24–72–204(5), C.R.S. 1973. Plaintiff did not sue the custodian of the records being sought. Furthermore, the court's findings as to all officials (other than perhaps the fire chief, not a defendant in that capacity) was, in effect, that the denial was not arbitrary and capricious. Therefore, there was no basis for awarding any attorney fees. However, since there was no cross-appeal by the town, we affirm the judgment.

Judgment affirmed.

VAN CISE and TURSI, JJ., concur.