**The PEOPLE of the State of Colorado, Petitioner–Appellee,**

**In the Interest of A.A.T., a Child, And Concerning J.T. and A.T., Respondents,**

**And Concerning J.H.T. and M.L.T., Intervenors–Appellants.**

**No. 87CA1212.**

Colorado Court of Appeals, Div. IV.

July 14, 1988.

Raymond C. Frenchmore, Littleton, for petitioner-appellee.

J.H.T., pro se.

M.L.T., pro se.

Holland & Hart, A. Bruce Jones, Curt Krechevsky, Denver, for amicus curiae Reporters Committee for Freedom of the Press.

CRISWELL, Judge.

J.H.T. and M.L.T., intervenors-appellants (appellants), appeal from an order of the district court, sitting as the juvenile court in parental termination proceedings, that denied them access to certain public records under the Colorado Open Records Act, § 24–72–201, et seq., C.R.S. (1982 Repl.Vol. 10) (the Act), and that required any access to be solely through court rules for discovery. We vacate the order entered.

Some time after intervening in this action for termination of parental rights, intervenors submitted numerous requests directly to the Arapahoe County Department of Social Services (the Department) pursuant to the Open Records Act. In those requests, they sought access to two general categories of records: 1) records related to general, internal Department rules, regulations, procedures, and data; and 2)

records related to documentation generated by the Department concerning this particular termination case.

Categorizing these Open Records Act requests as discovery requests, the Department initially denied intervenors access to any of the records on the ground that such requests should be made pursuant to the "rules of court procedure." Thereafter, although copies of the requests were not filed with the juvenile court before which this action was pending, the Department filed a motion for "protective orders" with that court. It argued that any Open Records Act request for records directly or indirectly connected with this case was, in essence, an impermissible, burdensome discovery request. The Department further argued that, even if the records were available under the Open Records Act, the rules of procedure pertaining to discovery represented a more appropriate vehicle for intervenors to use to obtain any records related to this case.

Appellants, however, asserted that their requests were not discovery requests, but were legitimate Open Records Act requests for public documents which they were entitled to access under the Act, regardless of their status as parties to this case or of the relevancy of the documents to the action pending before the court. They further argued that they were entitled to access because the Department had failed to follow the statutory procedures to prevent disclosure of documents otherwise accessible under the Open Records Act. *See* § 24–72–204(4) and (6), C.R.S. (1982 Repl. Vol. 10). Finally, they argued that, in its role as tribunal for termination proceedings, the juvenile court had no jurisdiction to rule on their Open Records Act requests in this case.

Rejecting the jurisdictional contentions of intervenors, the court ordered access to the first category of documents under the Open Records Act. However, the court found that the documents sought in the second category of requests were related to issues in this case. Thus, it ordered intervenors and the Department to treat the second category of Open Records Act requests as discovery requests under the Rules of Civil Procedure and to proceed accordingly. After the entry of a final judgment in the termination action, intervenors appealed the juvenile court's order to this court.

Intervenors contend that the trial court lacked subject matter jurisdiction in this juvenile termination case to rule on any of their Open Records Act requests. We agree.

As mandated in the legislative declaration of the Open Records Act, it is the public policy of this state that all public records shall be open for inspection and copying by "any natural person" at reasonable times, except as provided by the Act or as otherwise provided by law. Sections 24–72–201, 24–72–203, and 24–72–204, C.R.S. (1982 Repl.Vol. 10). For this purpose, the Act does not expressly limit access to any records merely because a person is engaged in litigation with the public agency from which access to records is requested.

The Act provides specific procedures for the filing of actions in the district court to resolve disputes concerning the accessibility of records. Section 24–72–204(5), C.R.S. (1982 Repl.Vol. 10), sets forth the procedures for persons requesting documents to obtain court review of a denial of access to records by a custodian. Section 24–72–204(6), C.R.S. (1982 Repl. Vol. 10), provides the procedures for a custodian to obtain court review of a request when the custodian believes the disclosure of an otherwise accessible document would do substantial injury to the public interest. These sections contain their own filing, notice, and hearing requirements, and they contemplate the filing of independent actions in the district court to resolve disputes over the accessibility of documents.

Moreover, several of the Act's underlying policies are furthered by the requirement for the filing of an independent action under § 24–72–204(5) and (6).

First, requiring a public records custodian to use the procedure set forth in the Act as the exclusive method for obtaining a review of the accessibility of these records will allow a more expeditious determination in the trial court and of any appeal resulting therefrom. This is consistent with the

Act's requirement that such determination be made "at the earliest practical time." *See* § 24–72–204(5) and (6), C.R.S. (1982 Repl.Vol. 10).

Second, the claim of entitlement to access to public records under the Act presents issues distinct from the issue of the discoverability of possible evidence for use in litigation. *See Martinelli v. District Court*, 199 Colo. 163, 612 P.2d 1083 (1981). There is, therefore, no reason to attempt to saddle the litigation court with the determination of issues that are different from the issues otherwise pending before it.

Consequently, we hold that §§ 24–72–204(5) and 24–72–204(6), C.R.S. (1982 Repl. Vol. 10), provide the exclusive procedures for persons requesting records and record custodians to resolve disputes concerning record accessibility. *See Board of County Commissioners v. HAD Enterprises, Inc.*, 35 Colo.App. 162, 533 P.2d 45 (1974). We further hold that these sections require that any action filed either by the custodian or the party requesting the record be a separate, independent action in the appropriate district court and that the action cannot be filed as part of any ongoing proceeding.

Therefore, we conclude that the trial court here lacked subject matter jurisdiction to consider the Department's objections to intervenors' Open Records Act requests in the context, and as part of, this juvenile court proceeding. Hence, the trial court's order concerning the Department's motion for protective orders is void.

Given our disposition of this issue, we need not address the other issues raised by intervenors. And, of course, we express no view upon the substantive issue of the extent to which intervenors are entitled to any of the records requested by them under the Open Records Act.

Order vacated.

BABCOCK and JONES, JJ., concur.