**SILVERVIEW AT OVERLOOK, LLC, a Colorado limited liability company, Plaintiff–Appellee,**

v.

**OVERLOOK AT MT. CRESTED BUTTE LIMITED LIABILITY COMPANY, Defendant–Appellant,**

and

**Overlook at Mt. Crested Butte Condominium Association, Defendant–Appellee.**

No. 03CA0114.

Colorado Court of Appeals, Div. V.

Feb. 12, 2004.

Certiorari Denied Aug. 16, 2004.*

* JUSTICE KOURLIS would grant as to the following issues:

Whether the court of appeals erred in construing the CCIOA in a way that caused a forfeiture of development rights simply because a time limitation on the exercise of development rights was omitted from the Declaration establishing the development rights.

When the seller and buyers of development rights properly created and recorded under the CCIOA indisputably believed that the development rights were valid, does the CCIOA and equity allow a court to reform the Declaration.

Wilderson, O'Hayre, Dawson & Frazier, Rufus O. Wilderson, Gunnison, Colorado, for Plaintiff–Appellee.

McConnell Siderius Fleischner Houghtaling & Craigmile, LLC, Michael T. McConnell, Troy R. Rackham, Denver, Colorado, for Defendant–Appellant.

Eaton, Martinez, Hart & Valdez, P.C., Roger Eaton, Albuquerque, New Mexico, for Defendant–Appellee.

Opinion by Judge PICCONE.

In this action concerning the validity of reserved future development rights, defendant, Overlook at Mt. Crested Butte Limited Liability Company (Overlook), appeals the order on cross-motion for determination of law entered in favor of plaintiff, Silverview at Overlook, LLC (Silverview), and codefendant Overlook at Mt. Crested Butte Condominium Association (Association). We affirm.

Overlook developed a condominium project pursuant to the Colorado Common Interest Ownership Act (CCIOA), § 38–33.3–101, et seq., C.R.S.2003, by executing and recording a declaration. The declaration purported to reserve future development rights to Overlook. Overlook sold the development rights to the principals of Silverview, who then assigned the development rights to Silverview.

Later, the Association questioned the validity of the development rights because the declaration did not include a time limit within which they were to be exercised. Silverview demanded Overlook either correct the declaration or refund the purchase price. Thereafter, Silverview sued Overlook, asserting breach of contract, unjust enrichment, and mutual mistake claims. Silverview alleged that the reservation of future development rights was void because the declaration did not contain a time limitation. Silverview

filed an amended complaint, adding the Association as a defendant and seeking a declaratory judgment.

The parties filed various motions for a determination of law regarding the effect of the failure to include a time limitation when reserving future development rights. The district court held the development rights were void ab initio. This appeal followed.

## I.

■ Initially, we reject Silverview's argument that Overlook lacks standing to appeal the district court's decision. Because Overlook is a party to the action, it has standing to appeal the district court's order. *See Cary v. United of Omaha Life Ins. Co.*, 91 P.3d 425, 2003 WL 22765024 (Colo.App. No. 00CA0681, Nov. 20, 2003)(to have standing to appeal, a person must either be a party to the action or be substantially aggrieved by the disposition of the case in the trial court).

## II.

■ Overlook contends the district court erred in its interpretation of the CCIOA by concluding that the lack of a time limitation on the development rights in the declaration rendered those rights void ab initio. We disagree.

The interpretation of a statute is a question of law, and therefore, we review the district court's ruling de novo. *Ryals v. St. Mary–Corwin Reg'l Med. Ctr.*, 10 P.3d 654 (Colo.2000).

When construing a statute, our primary task is to determine and give effect to the intent of the General Assembly. *People v. Terry*, 791 P.2d 374 (Colo.1990). To ascertain the legislative intent, we first look to the statutory language and give statutory terms their plain and ordinary meaning. *Bertrand v. Bd. of County Comm'rs*, 872 P.2d 223 (Colo.1994). When the statutory language is clear and unambiguous, we interpret the statute as written because the General Assembly is presumed to have meant what it plainly said. *Bertrand, supra*, 872 P.2d at 228.

■ A declaration is any recorded instrument that creates a common interest community. *See* § 38–33.3–103(13), C.R.S.2003. The CCIOA enumerates certain components required in a declaration:

The declaration *must* contain: ...

A description of any development rights and other special declarant rights reserved by the declarant, together with a description sufficient to identify the real estate to which each of those rights applies and the time limit within which each of those rights must be exercised.

Section 38–33.3–205(1)(h), C.R.S.2003 (emphasis added).

■ Use of the word "must" connotes a requirement that is mandatory and not subject to equivocation. *See Reg'l Transp. Dist. v. Outdoor Sys., Inc.*, 34 P.3d 408 (Colo.2001)(noting the mandatory sense of the word "must," in contrast to "may," which denotes uncertainty). Thus, in using the word "must," the plain language of § 38–33.3–205(1)(h) unambiguously requires any reservation of development rights to include a "time limit within which each of those rights must be exercised." Moreover, the mandatory nature of the requirements set forth in § 38–33.3–205 are underscored by § 38–33.3–104, C.R.S.2003, which prohibits variation by agreement: "Except as expressly provided in this article, provisions of this article may not be varied by agreement, and rights conferred by this article may not be waived."

This interpretation is consistent with the General Assembly's legislative intent "[t]hat it is the policy of this state to give developers flexible development rights *with specific obligations* within a uniform structure of development of a common interest community." Section 38–33.3–102(1)(c), C.R.S.2003 (emphasis added).

### A.

■ Overlook contends its omission of a time limit within which to exercise its development rights is "insubstantial" under § 38–33.3–203(4), C.R.S.2003, which states: "Title to a unit and common elements is not rendered unmarketable or otherwise affected by

reason of an insubstantial failure of the declaration to comply with this article." Overlook argues that § 38–33.3–205, C.R.S.2003, sets forth twenty-three requirements for a valid declaration and, thus, missing one is "insubstantial."

By its own terms, § 38–33.3–203(4) applies to the marketability of units and common areas. Here, the parties' dispute does not concern title to the units or the common areas. This case deals with the validity of development rights. Accordingly, we find § 38–33.3–203(4) inapplicable.

■ Further, even assuming § 38–33.3–203(4) were to apply, we find Overlook's argument unpersuasive. Examples of insubstantial defects in the declaration include failure to include the word "condominium," "cooperative," or "planned community" as required or failure of the plats or plans to comply satisfactorily with the requirement that they be clear and legible. Uniform Common Interest Ownership Act § 2–103 cmt. 4, 7 U.L.A. 50 (master ed. 1997)(Uniform Act).

Overlook cites no authority, and we are aware of none, that would support the position that the omission of a time limit is "insubstantial." Overlook's mathematical argument that missing only one out of twenty-three requirements must necessarily be an "insubstantial failure" is overly simplistic. Nor do we believe that the General Assembly intended an omission that leads to development rights being reserved with no time limitation to be considered insubstantial.

Our review of other sections of the CCIOA supports this conclusion. The CCIOA includes special provisions based on the time limit required in § 38–33.3–205(1)(h). We find two subsections of § 38–33.3–210, C.R.S. 2003, the statute governing the exercise of development rights, instructive:

> (2) Additional development rights not previously reserved may be reserved within any real estate added to the common interest community.... This provision does not extend the time limit on the exercise of development rights imposed by the declaration pursuant to section 38–33.3–205(1)(h)

> ....

> (5) If a declarant fails to exercise any development right within the time limit and in accordance with any conditions or fixed limitations described in the declaration pursuant to section 38–33.3–205(1)(h) ... that development right shall lapse unless the association, upon the request of the declarant or the owner of the real estate subject to development right, agrees to an extension of the time period for exercise of the development right....

These subsections are consistent with the conclusion that the omission of a time limitation is not "insubstantial." The time limit informs the unit owners of the period within which they may expect further development of the project. Unit owners can reasonably expect to have input as to whether and upon what conditions development rights may be exercised after the specified time limit has expired.

### B.

■ In a related argument, Overlook contends its lack of compliance was insubstantial in light of the comment to the Uniform Act's time limitation. We disagree.

Overlook relies on § 38–33.3–110, C.R.S. 2003, which states that the CCIOA "shall be applied and construed so as to effectuate its general purpose to make uniform the law with respect to the subject of this article among states enacting it." The Uniform Act's time limitation provision is nearly identical to Colorado's counterpart. *Compare* § 38–33.3–205 *with* Uniform Act § 2–205(a)(8). Overlook also relies on a comment to the Uniform Act, which states:

> The declaration must describe the real estate to which each right applies, and state the time limit within which each of those rights must be exercised. The Act imposes no maximum time limit for the exercise of those rights, and contemplates that those rights may be exercised after the period of declarant control terminates.

Uniform Act § 2–205(8) cmt. 9, 7 U.L.A. 526.

The comment merely allows each state to set its own time limitation.

### C.

■ We similarly reject Overlook's argument that the district court should have reformed the declaration to include a time limit. In making this argument, Overlook relies on Minnesota's modified adoption of the Uniform Act, which provides that a declaration shall include:

[A] statement of any time limit, not exceeding ten years after the recording of the declaration, upon which any right reserved under paragraph (1) will lapse, together with a statement of any circumstances that will terminate the option before the expiration of the time limit. If no time limit is set forth in the declaration, the time limit shall be ten years after the recording of the declaration....

Minn.Stat. § 515B.2–106(2) (West 2002).

■ We cannot assume the General Assembly intended to include provisions that it explicitly did not. If the General Assembly has not authorized a particular remedy in a statute, we cannot furnish one. *See State Dep't of Highways v. Mountain States Tele. & Tele. Co.*, 869 P.2d 1289 (Colo.1994); *Bd. of County Comm'rs v. HAD Enters., Inc.*, 35 Colo.App. 162, 533 P.2d 45 (1974). Indeed, the supreme court has declined to look to other jurisdictions for guidance where the Colorado statute substantially differs from the statutes of other jurisdictions. *See In re Marriage of Cargill*, 843 P.2d 1335, 1348 (Colo.1993); *see also In re Custody of C.C.R.S.*, 872 P.2d 1337 (Colo.App.1993), *aff'd*, 892 P.2d 246 (Colo.1995).

Again, Overlook cites no authority, and we are aware of none other than § 38–33.3–217, C.R.S.2003, that provides a court the power to amend an otherwise defective declaration. Section 38–33.3–217 governs amendments to the declaration and specifically allows them only in limited circumstances enumerated within the CCIOA. The district court is allowed to amend a declaration only in very narrow circumstances not applicable here. *See* § 38–33.3–217(7)(a), C.R.S.2003.

### D.

■ Next, Overlook urges us to "sever" the time limitation requirement in § 38–33.3–205(1)(h) to uphold the reservation of rights. We decline to do so.

Section 38–33.3–203(1), C.R.S.2003, states that "[a]ll provisions of the declaration and bylaws are severable." This section neither explicitly nor implicitly empowers a court to rewrite a declaration to save an otherwise defective provision. Rather, it simply empowers a court to sever a defective provision and to enforce the remainder of a declaration. The declaration here was not found to be invalid and is not being challenged.

For all the foregoing reasons, we conclude the attempted reservation of the development rights is void. Given our resolution of this issue, we need not address the parties' contentions regarding lapse.

### III.

■ Overview also contends that if the development rights are void, the court should have ruled that Silverview had a unilateral right to amend the declaration to conform with the standards of secondary mortgages pursuant to § 38–33.3–205(5), C.R.S.2003.

Overview raised this argument for the first time on appeal. Arguments not presented to or ruled upon by the district court cannot be raised for the first time on appeal. *Estate of Stevenson v. Hollywood Bar & Cafe, Inc.*, 832 P.2d 718 (Colo.1992); *Crum v. April Corp.*, 62 P.3d 1039 (Colo.App.2002). Accordingly, we decline to consider this issue.

### IV.

■ The Association also contends the district court erred in failing to grant its motion for attorney fees and costs. However, because the Association did not file a notice of cross-appeal, this court has no jurisdiction to consider its argument. *See Ruffing v. Lincicome*, 737 P.2d 440, 442 (Colo.App.1987).

The order is affirmed.

Judge ROY and Judge HUME ** concur.