The summaries of the Colorado Court of Appeals published opinions
constitute no part of the opinion of the division but have been prepared by
the division for the convenience of the reader. The summaries may not be
cited or relied upon as they are not the official language of the division.
Any discrepancy between the language in the summary and in the opinion
should be resolved in favor of the language in the opinion.

SUMMARY
March 22, 2018

## 2018COA44

## No. 17CA0407, Minshall v. Johnston — Civil Procedure — Process — Substituted Service

This case emphasizes that district courts entering C.R.C.P. 4(f)

orders must exercise meaningful discretion in determining whether

the person to whom process is delivered is properly designated for

substituted service under Rule 4(f). Thus, a division of the court of

appeals vacates the district court's order denying David K.

Johnston's motion to set aside the judgment and remands for the

district court to determine whether service on a registered agent of

a corporation founded by Johnston was "reasonably calculated to

give actual notice" to Johnston, as required by Rule 4(f).

COLORADO COURT OF APPEALS    **2018COA44**

Court of Appeals No. 17CA0407
City and County of Denver District Court No. 15CV34174
Honorable Catherine Lemon, Judge
Honorable Edward D. Bronfin, Judge

Richard G. Minshall and Vicky L. Minshall,

Plaintiffs-Appellees,

v.

David K. Johnston,

Defendant-Appellant.

ORDER VACATED AND CASE
REMANDED WITH DIRECTIONS

Division VII
Opinion by JUDGE BERGER
Bernard and Vogt*, JJ., concur

Announced March 22, 2018

Gleason Wells, P.C., Todd A. Wells, Denver, Colorado, for Plaintiffs-Appellees

Semmens Law, P.C., Damon M. Semmens, Denver, Colorado, for Defendant-Appellant

*Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and § 24-51-1105, C.R.S. 2017.

¶ 1   The district court entered a default judgment against defendant, David K. Johnston, when he failed to respond to a complaint filed by plaintiffs, Richard G. Minshall and Vicky L. Minshall.  Johnston was not personally served with process; instead, the court permitted substituted service under C.R.C.P. 4(f) on the registered agent of Aries Staffing LLC (Aries), a corporation of which Johnston was a co-owner and shareholder.

¶ 2   Some six months after he claimed that he learned about the entry of the default judgment, Johnston moved pro se to set it aside.  He vaguely asserted in the district court, and explicitly argues here, that the judgment was void because the Minshalls did not properly serve him with process.  The district court denied the motion and Johnston appeals.

¶ 3   We agree with most of the district court's analysis.  However, the record is insufficient to determine whether service on Aries' corporate agent for service of process, Incorp Services Inc. (Incorp), was "reasonably calculated to give actual notice" of the case to Johnston.  *See* C.R.C.P. 4(f).  Because that is an essential condition of valid substituted service under Rule 4(f), we must vacate the district court's order denying Johnston's motion to set aside the

1

judgment and remand for the court to determine whether service on Incorp was "reasonably calculated to give actual notice" to Johnston. We reject all of Johnston's other contentions.

## I. Relevant Facts and Procedural History

¶ 4 The Minshalls alleged in their complaint that they made two loans to Aries, neither of which was repaid. Johnston was not an obligor on either loan.

¶ 5 Johnston was a co-founder and shareholder of Aries. The Minshalls pleaded that Aries was Johnston's alter ego and that Johnston was liable for Aries' debts, including the two loans. *See In re Phillips*, 139 P.3d 639, 644 (Colo. 2006) ("Individual liability is appropriate when the corporation is merely the alter ego of the shareholder . . . ."). In addition to the alter ego claim, the Minshalls pleaded claims of breach of contract and unjust enrichment against Aries, and claims of promissory estoppel, deceit based on fraud or false representation, and negligent misrepresentation against both Aries and Johnston.

¶ 6 The Minshalls served Aries through its corporate agent for service of process, Incorp. Aries defaulted, and the district court entered a default judgment against Aries, which Aries did not appeal.

¶ 7    The Minshalls had great difficulty, however, attempting to serve Johnston personally under C.R.C.P. 4(e).  Because the Minshalls were unsuccessful in personally serving Johnston, they moved to serve him by mail, purportedly under Rule 4(f).  The district court correctly denied that motion because

> Rule 4(f) does not allow for service on a party by mail.  Rather Plaintiffs' motion must identify a separate, appropriate person on whom process will be hand delivered.  Because Plaintiffs' Motion does not identify such a person, substitute service under rule 4(f) is not proper.

¶ 8    The Minshalls then filed an amended motion under Rule 4(f), this time procedurally complying with that rule by designating a "person," Incorp, as the "appropriate person on whom process will be hand delivered."  The court granted the amended motion and the Minshalls served Johnston though Incorp as authorized by the court's order.  (Incorp had already been served when service was obtained on Aries, so it was served a second time.)

¶ 9    When Johnston failed to answer the complaint, the court entered a default judgment against him.  Months later, he moved pro se (without identifying any particular rule in support of his motion) to set aside the judgment, claiming he only learned of the complaint

3

when the Minshalls recorded a judgment lien on his property in Georgia.

## II. While The Minshalls Complied With Some of Rule 4(f)'s Requirements, The Record Is Insufficient To Determine If All of The Requirements Were Satisfied

¶ 10 Johnston raises the same argument on appeal (now through counsel) that we liberally construe his motion to set aside the default judgment to have raised before the district court that the judgment entered against him is void for lack of jurisdiction under C.R.C.P. 60(b)(3). *See* C.J.C. 2.6 cmt. 2; *People v. Bergerud*, 223 P.3d 686, 696-97 (Colo. 2010) (we must construe pro se arguments liberally).

### A. Applicable Law and Standard of Review

¶ 11 C.R.C.P. 55(c) provides that "[f]or good cause shown the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b)." Rule 60(b)(3) requires a court to set aside a void judgment when a proper application is made. *First Nat'l Bank of Telluride v. Fleisher*, 2 P.3d 706, 714 (Colo. 2000).

¶ 12 A judgment is either void or it is not. Accordingly, we review de novo the district court's ruling on a Rule 60(b)(3) motion. *Goodman*

*Assocs., LLC v. WP Mountain Props., LLC*, 222 P.3d 310, 314 (Colo. 2010).  The burden to establish that a judgment is void is on the party claiming the judgment is void, and that movant must demonstrate the invalidity of the judgment by clear and convincing evidence.  *Id.* at 315.

¶ 13 Rule 4 prescribes the means by which a defendant must be served with process.  If service does not conform to Rule 4's requirements, the court does not obtain personal jurisdiction over the defendant and any resulting judgment is void.  *Goodman Assocs.*, 222 P.3d at 315.

¶ 14 Rule 4(f) recognizes that sometimes it will be difficult, if not impossible, to obtain personal service on a defendant.  Thus, the rule prescribes an alternative method to effectuate service.  Rule 4(f) provides as follows:

> In the event that a party attempting service of process by personal service under section (e) is unable to accomplish service, and service by publication or mail is not otherwise permitted under section (g), the party may file a motion, supported by an affidavit of the person attempting service, for an order for substituted service.  The motion shall state (1) the efforts made to obtain personal service and the reason that personal service could not be obtained, (2) the identity of the person to

whom the party wishes to deliver the process, and (3) the address, or last known address of the workplace and residence, if known, of the party upon whom service is to be effected. *If the court is satisfied that due diligence has been used to attempt personal service under section (e), that further attempts to obtain service under section (e) would be to no avail, and that the person to whom delivery of the process is appropriate under the circumstances and reasonably calculated to give actual notice to the party upon whom service is to be effective*, it shall:

(1) authorize delivery to be made to the person deemed appropriate for service, and

(2) order the process to be mailed to the address(es) of the party to be served by substituted service, as set forth in the motion, on or before the date of delivery. Service shall be complete on the date of delivery to the person deemed appropriate for service.

(Emphasis added.)

## B. Analysis

### 1. The Due Diligence Requirement of Rule 4(f) Was Satisfied

¶ 15 In his motion to set aside the default judgment, Johnston stated that "due to the fact that the Minshalls were fully aware of [Johnston's] location and non-affiliation with Aries Staffing LLC, the service of process was improper." We liberally construe this as preserving the argument, which Johnston raises on appeal, that the

6

Minshalls did not exercise due diligence in attempting to serve Johnston personally, a necessary condition precedent to serving him by substituted service under Rule 4(f).

¶ 16 It is undisputed that the Minshalls complied with the procedural requirements of Rule 4(f) by filing an affidavit from the process server detailing his numerous unsuccessful attempts to serve Johnston. From this affidavit and the information in, or attached to, the Minshalls' motion for substituted service, the district court found that the Minshalls had hired an investigator to identify Johnston's address and that another investigator had attempted to serve Johnston four times at that address to no avail.

¶ 17 The Minshalls also investigated the address where Johnston's vehicle was registered and determined that he no longer lived there. The Minshalls attempted to serve Johnston at Aries, his last known "usual workplace," but Aries' offices were vacant. And the Minshalls tried to contact Johnston through their son (who had previously worked with Johnston) and through Johnston's realtor.

¶ 18 Due diligence does not require that the plaintiffs actually succeed in serving the defendant or that the plaintiffs exhaust every possible option in attempting to do so. *Willhite v. Rodriguez-Cera,* 2012 CO

29, ¶ 35. Instead, "'[d]ue diligence' is commonly understood as '[t]he diligence reasonably expected from, and ordinarily exercised by, a person who seeks to satisfy a legal requirement or to discharge an obligation.'" *Owens v. Tergeson*, 2015 COA 164, ¶ 44 (quoting Black's Law Dictionary 553 (10th ed. 2014)).

¶ 19 This record overwhelmingly supports the district court's finding that the Minshalls exercised the diligence required by Rule 4(f).[1]

### 2. Johnston's Argument that Incorp Is Not a "Person" Within The Meaning of Rule 4(f) Is Not Properly Before Us

¶ 20 Johnston next argues that Incorp, the "person" on whom substituted service was authorized by the court's Rule 4(f) order, was not a "person" and thus did not meet Rule 4(f)'s "person" requirement.

¶ 21 Johnston did not make this argument in the district court and while, as noted above, we (and the district court) must interpret pro se pleadings and motions liberally, liberal construction does not

---

[1] It is unnecessary for us to determine in this case the precise standard of review applicable to a trial court's determinations underlying an order authorizing substitute service under C.R.C.P. 4(f) because we would reach the same conclusions irrespective of which standard of review we apply: de novo, abuse of discretion, or clear error.

include inventing arguments not made by the pro se party. Because we do not address arguments made for the first time on appeal, we do not further address this "person" argument. *Estate of Stevenson v. Hollywood Bar & Cafe, Inc.*, 832 P.2d 718, 721 n.5 (Colo. 1992); *Silverview at Overlook, LLC v. Overlook at Mt. Crested Butte Ltd. Liab. Co.*, 97 P.3d 252, 257 (Colo. App. 2004).

### 3. The Record Is Insufficient To Determine Whether The Person On Whom Substituted Service Was Made Complied With Rule 4(f)

¶ 22 Finally, in his motion to set aside the default judgment, Johnston argued that it was improper for the Minshalls to serve Incorp when they "were aware that [Johnston] [had] ended his affiliation with Aries." We liberally construe this as preserving the argument that Johnston expressly makes on appeal: that substituted service on Incorp (Aries' registered agent) was not "reasonably calculated to give actual notice" to Johnston of the suit.

¶ 23 In their amended (and lengthy) motion for substituted service, the Minshalls addressed only cursorily the critical requirement of Rule 4(f) that service on the designated person must be "reasonably calculated to give actual notice" of suit to the named defendant. The Minshalls' only statement directed to that essential condition

was that "because Defendant Johnston is a co-owner of Aries, service on Aries' registered agent is appropriate under the circumstances and is reasonably calculated to give Defendant Johnston actual notice."[2]

¶ 24 Under Colorado law, a corporation and its natural person shareholders are distinct legal persons. *Phillips*, 139 P.3d at 643. The Minshalls do not cite, and we have not found, any legal authority supporting the proposition that service on the registered agent of a corporation is sufficient, by itself, to effectuate valid service on a "co-owner" of a corporation.

¶ 25 Giving effect to the legal separateness of a corporation and its shareholders under Colorado law, we conclude that the fact that a person is a shareholder of a corporation does not, without more, render the corporation's registered agent a proper person for substitute service under Rule 4(f).[3]

---

[2] In a different section of the Minshalls' motion for substituted service, they alleged that they attempted to serve one of "Johnston's partners/co-founders at Aries' principal office" at least suggesting that Johnston was a co-founder of Aries.

[3] The fact that Johnston may also have been a "co-founder" of Aries may have some relevance in determining whether service on Incorp

¶ 26 But we do not exclude the possibility that the nature of the relationship between the registered agent, the corporation, and the shareholder-defendant could justify substituted service on the corporation's registered agent.

¶ 27 For example, if the defendant were an active participant in the affairs of the corporation, service on the corporation's registered agent might be "reasonably calculated to give actual notice" to the defendant. Or, if the defendant has some separate relationship with the registered agent, by contract, familial tie, or otherwise, the registered agent may well be an appropriate person for substitute service. *See Willhite*, ¶¶ 4-6 (discussing, but not ruling on, trial court's decision to grant substitute service on the Colorado-based sister of a Mexican resident under Rule 4(f)). These examples are by no means exclusive.

---

was "reasonably calculated to give actual notice" to Johnston under Rule 4(f). But this information, either considered by itself or coupled with the allegation that Johnston is a "co-owner," is insufficient to meet the Minshalls' burden under Rule 4(f). For example, if Johnston had been a founder of the corporation, but had left the corporation years earlier, the fact that he was a co-founder would appear to have little relevance to the "reasonably calculated" inquiry.

¶ 28 The ultimate determination of whether service on the proposed designated person is "reasonably calculated" to give notice to the named defendant is a question the trial court must resolve before authorizing service under Rule 4(f). But we emphasize that the trial court's duties in this respect are very limited. It is solely the burden of the party seeking substitute service to allege sufficient facts to support a determination that service on the proposed designated person is "reasonably calculated to give actual notice" of suit to the defendant.

¶ 29 The court is not required to investigate the alleged facts. It may (indeed, it must because this is an ex parte proceeding) assume the truth of the facts alleged by the moving party.

¶ 30 Viewed in this light, the record here is insufficient for us to determine whether service on Incorp was "reasonably calculated to give actual notice" to Johnston as required by Rule 4(f). Other than showing that *Aries* engaged Incorp to act as its agent for service of process, the record is devoid of any indication of a separate relationship between Incorp and *Johnston* or other facts which would support the required finding under Rule 4(f).

¶ 31 Accordingly, we remand this case to the district court to determine whether service on Incorp under Rule 4(f) was "reasonably calculated to give actual notice" to Johnston. The question is not whether Incorp notified Johnston of the service or suit; according to Johnston, that did not occur. Instead, the question is whether, when the district court authorized substituted service on Incorp, that service was "reasonably calculated to give actual notice" to Johnston as required by Rule 4(f).[4] In making this determination on remand, the court, in its discretion, may hold a hearing or require the Minshalls to provide additional information in writing.

¶ 32 If the court finds that Incorp was not a person properly designated for substituted service under Rule 4(f), the court must

---

[4] We recognize that, in entering the default judgment against Johnston, the district court also found that a copy of the process was mailed to Johnston's last known address, as required by Rule 4(f). The court's findings rejecting Johnston's arguments regarding the sufficiency of the mailing are well supported by the record. But mailing of process alone, as the court recognized when it properly denied the original motion for substituted service, is not sufficient to give the court jurisdiction over a defendant. C.R.C.P. 4(f). Only when it is coupled with compliance with the other requirements of Rule 4(f) is service by mail sufficient. *Id.*

vacate the judgment against Johnston and allow Johnston to defend against the allegations of the complaint. If, however, the court finds that Incorp was a person properly designated for substituted service under Rule 4(f), then the court's order denying Johnston's motion to set aside the judgment will stand affirmed, subject only to Johnston's right to appeal the determinations made on remand.

## III.    Conclusion

¶ 33 The order denying Johnston's motion to set aside the default judgment is vacated and the case is remanded for the further proceedings directed above.

JUDGE BERNARD and JUDGE VOGT concur.