24CA0791 Maines v ICAO 10-03-2024

COLORADO COURT OF APPEALS

---

Court of Appeals No. 24CA0791
Industrial Claim Appeals Office of the State of Colorado
DD No. 10153-2024

---

Katie Maines,

Petitioner,

v.

Industrial Claim Appeals Office of the State of Colorado and Children's Hospital Colorado,

Respondents.

---

ORDER AFFIRMED

Division I
Opinion by JUDGE LIPINSKY
J. Jones and Sullivan, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced October 3, 2024

---

Katie Maines, Pro Se

No Appearance for Respondents

¶ 1     Katie Maines seeks review of a final order of the Industrial Claim Appeals Office (the Panel) dismissing her appeal of a decision on her claim for unemployment insurance benefits.  We affirm the Panel's order.

## I.     Background

¶ 2     Maines worked as a patient/family services specialist for Children's Hospital Colorado (CHC) from January 3, 2022, until CHC terminated her employment on December 21, 2022.  Maines timely filed a claim with the Division of Unemployment Insurance (Division) for benefits.  On February 27, 2023, the Division notified Maines that its deputy found she was disqualified from receiving benefits, pursuant to section 873108(5)(e)(XX), C.R.S. 2024.  In that notice, the Division also advised Maines of the March 20, 2023, deadline to appeal the deputy's decision to a hearing officer.

¶ 3     Over a year later — on April 10, 2024 — Maines filed an appeal to the Division's hearing office.  The same day, the hearing officer issued an order dismissing Maines's appeal as untimely under Department of Labor and Employment Regulation 12.1.3.  The Panel affirmed the hearing officer's order.

## II.     Standard of Review

¶ 4     Under section 8-74-107(6), C.R.S. 2024, we may set aside a decision of the Panel where (1) the Panel acted without or in excess of its powers; (2) the decision was procured by fraud; (3) the findings of fact do not support the decision; or (4) the decision is erroneous as a matter of law.

## III.     Analysis

¶ 5     We construe pro se filings, like Maines's, liberally. *People v. Bergerud*, 223 P.3d 686, 696-97 (Colo. 2010). However, we may not "act as an advocate for a pro se litigant" and thus will not invent arguments on her behalf. *People v. Cali*, 459 P.3d 516, 522 (Colo. 2020); *Minshall v. Johnston*, 417 P.3d 957, 961 (Colo. App. 2018). Maines only addresses the merits of the Division's decision regarding her disqualification and omits any discussion regarding the timing of her appeal.

¶ 6     Section 8-74-106(1)(a), C.R.S. 2024, provides a twenty-day timeframe for claimants to appeal a deputy's decision. The hearing officer may accept an appeal filed up to 180 days late upon a showing of good cause. Dep't of Labor & Emp't Reg. 12.1.3, 7 Code Colo. Regs. 1101-2. Past the 180 days, "good cause may not be

established, a hearing shall not be scheduled, the appeal shall be dismissed, and the deputy's decision shall become final." *Id.*

¶ 7 Maines filed her appeal outside that 180-day timeframe. Therefore, we perceive no error in the Panel's order affirming the dismissal of Maines's appeal.

## IV.  Disposition

¶ 8 The Panel's order is affirmed.

JUDGE J. JONES and JUDGE SULLIVAN concur.