24CA0536 Lau v Roger Storage 08-14-2025

COLORADO COURT OF APPEALS

---

Court of Appeals No. 24CA0536
Boulder County District Court No. 23CV134
Honorable Robert R. Gunning, Judge

---

Michael Lau,

Plaintiff-Appellant,

v.

Roger Storage, LLC,

Defendant-Appellee.

---

JUDGMENT AFFIRMED

Division VII
Opinion by JUDGE LUM
Lipinsky and Pawar, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced August 14, 2025

---

Michael Lau, Pro Se

SGR, LLC, Heather A. Salg, Jean M. Peterson, Denver, Colorado, for Defendant-Appellee

¶ 1     Plaintiff, Michael Lau, appeals the district court's judgment on his replevin claim.  We affirm.

## I.     Background

¶ 2     Lau had a lease to store personal property at a storage yard. His lease provided that, if he defaulted on his rent or other lease terms, the owner of the storage yard would have the right to assert an owner's lien and associated remedies under sections 38-21.5-101 to -105, C.R.S. 2024.

¶ 3     Defendant, Roger Storage, LLC, acquired the storage yard after Lau signed his original lease.  Twice, Roger Storage sent Lau a proposed new lease, along with an introductory letter.  The letter accompanying the new lease said that, if Lau didn't sign and return the new lease by a specified date, Lau's continued use of the storage yard "constitute[d] [his] acceptance of the terms of this new lease." The new lease increased Lau's rent and provided for an owner's lien in the event of default.  Lau denied receiving the letters, refused to agree to the new lease, and filed a complaint for replevin under C.R.C.P. 104.

¶ 4     In his complaint, Lau sought to recover possession of his personal property located at the storage yard.  The complaint also

1

included eight additional claims: breach of fiduciary duty, unjust enrichment, declaratory judgment, accounting, negligence, conversion, constructive trust, and fraud (collectively, the non-replevin claims).

¶ 5       The court held a hearing regarding the replevin claim. Although Lau didn't provide this court with a transcript of the hearing, a detailed minute order (replevin order) indicates that both sides presented testimony and introduced other evidence. The district court ruled in the replevin order that (1) Lau was entitled to possession of his personal property located at the storage yard, and (2) Roger Storage was entitled to a self-service storage lien for any unpaid rent under section 38-21.5-102, C.R.S. 2024. The court ordered that Lau had until a specific date to remove his property, after which Roger Storage could enforce its lien against any unremoved property. *See* § 38-21.5-103(1)(b)-(e), C.R.S. 2024. The court reserved ruling on the non-replevin claims.

¶ 6       After the hearing, Roger Storage moved for a more definite statement as to the allegations supporting Lau's non-replevin claims. *See* C.R.C.P. 12(e). The court granted the motion and ordered Lau to amend the operative version of his complaint. After

Lau failed to timely do so or respond to the court's subsequent order to show cause, the court dismissed the non-replevin claims without prejudice.

¶ 7 Lau appeals the replevin order. As best we understand his arguments, Lau contends that the district court erred at the replevin hearing by (1) not permitting him to call or cross-examine certain witnesses and (2) admitting into evidence Roger Storage's proposed lease and other documents. Lau doesn't contest the dismissal of the non-replevin claims.

## II.  Analysis

¶ 8 Because Lau is self-represented, we liberally construe his filings in the district court and in this court. *See Minshall v. Johnston*, 2018 COA 44, ¶ 21. Nevertheless, "liberal construction does not include inventing arguments not made by the [self-represented] party." *Id.* With these principles in mind, we decline to address the merits of Lau's arguments for two reasons.

¶ 9 First, Lau failed to preserve his arguments for appeal. *See Gestner v. Gestner*, 2024 COA 55, ¶ 27 (declining to address unpreserved argument). He argues that he preserved his arguments in "Court documents, Exhibits, and Transcripts from the

Record of Appeal," but he fails to provide "the precise location in the record where the issue[s] [were] raised and where the court ruled," as C.A.R. 28(a)(7)(A) requires. *See Black v. Black*, 2018 COA 7, ¶ 67 ("'Judges are not like pigs, hunting for truffles buried in' the parties' submissions." (quoting *United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991))) (alteration omitted). Furthermore, because Lau contends the court made both purported errors at the replevin hearing, and he failed to provide a transcript of that hearing, we must assume that the transcript supports the district court's rulings. *See In re Marriage of Dean*, 2017 COA 51, ¶ 13 ("Where the appellant fails to provide . . . a transcript, the [appellate] court must presume that the record supports the judgment."); *see also Wolven v. Velez*, 2024 COA 8, ¶ 53 n.6 (holding that the party asserting an error is obligated to provide a record that discloses the error); *In re Marriage of Beatty*, 2012 COA 71, ¶ 10 (holding that the appellant failed to establish preservation because she did not designate the hearing transcript on review). Even if Lau raised these issues in his motion for post-trial relief following the replevin hearing, that motion wasn't sufficient to preserve his arguments for review. *See Briargate at Seventeenth Ave. Owners Ass'n v. Nelson*, 2021 COA

4

78M, ¶ 66 ("Arguments made . . . for the first time in a post-trial motion are too late and, consequently, are deemed waived for purposes of appeal.").

¶ 10 Second, even if Lau preserved his arguments, they are too undeveloped for our review. Lau hasn't provided us "with citations to the authorities [or] parts of the record on which [he] relies" to support his assertions, C.A.R. 28(a)(7)(B), and we "will not consider a bald legal proposition presented without argument or development," *Barnett v. Elite Props. of Am., Inc.*, 252 P.3d 14, 19 (Colo. App. 2010).

¶ 11 Finally, even if we were to address Lau's contentions, he fails to explain how the district court's rulings impacted his substantial rights. Indeed, the court *granted* the relief Lau requested in his replevin action: possession of his personal property.[1] *See* C.A.R. 35(c) ("The appellate court may disregard any error or defect not affecting the substantial rights of the parties.").

### III. Disposition

¶ 12 The judgment is affirmed.

---

[1] It is of no consequence to this appeal that Lau failed to timely remove his property, and Roger Storage proceeded with a lien sale.

JUDGE LIPINSKY and JUDGE PAWAR concur.