25CA0210 Smallwood v ICAO 09-18-2025

COLORADO COURT OF APPEALS

Court of Appeals No. 25CA0210
Industrial Claim Appeals Office of the State of Colorado
DD No. 32357-2023

Lillie Smallwood,

Petitioner,

v.

Industrial Claim Appeals Office of the State of Colorado,

Respondent.

ORDER AFFIRMED

Division V
Opinion by JUDGE PAWAR
Freyre and Yun, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced September 18, 2025

Lillie Smallwoed, Pro Se

No Appearance for Respondent

¶ 1 In this unemployment benefits case, Lillie Smallwood seeks review of a final order of the Industrial Claim Appeals Office (Panel) dismissing as untimely her appeal of the hearing officer's decision denying her unemployment benefits. We affirm the Panel's order.

## I. Background

¶ 2 Smallwood established a valid initial claim for unemployment benefits in September 2022, after separating from her longtime employment with Terumo BCT Inc. Unable to find suitable employment, Smallwood filed a new claim for unemployment benefits in November 2023. On November 9, 2023, a deputy with the Division of Unemployment Insurance (Division) concluded that Smallwood was ineligible to receive unemployment benefits on her new claim because she had not earned $2,000 in employment since establishing her previous claim. *See* § 8-73-107(2), C.R.S. 2025 ("An individual who has received compensation during the individual's benefit year is required to have worked for an employer . . . since the beginning of such year and to have earned at least two thousand dollars as [wages] for such employment in order to qualify for compensation in the next benefit year.").

1

¶ 3    Smallwood appealed the deputy's decision and later appeared with representation before a hearing officer.  In a decision mailed to Smallwood on January 17, 2024, the hearing officer found that Smallwood did not earn at least $2,000 in employment as section 8-73-107(2) requires.  Accordingly, the hearing officer concluded that Smallwood was ineligible for unemployment benefits and affirmed the deputy's decision.

¶ 4    However, considering Smallwood's claim that she earned at least $2,000 in wages *since* the deputy's November 9, 2023, decision, the hearing officer "remand[ed] this matter to the Division for further investigation into whether [Smallwood] ha[d] earned sufficient wages to qualify for a new unemployment insurance claim and, if appropriate, a new decision."

¶ 5    The hearing officer's ruling advised Smallwood of her appeal rights and, more specifically, warned that an appeal to the Panel must be received within twenty days from the date the decision was mailed.  Smallwood filed her appeal on January 7, 2025, which was eleven months past the February 6, 2024, deadline.  Ultimately, the Panel did not find good cause to excuse Smallwood's late filing and dismissed her appeal as untimely.

## II.    Analysis

¶ 6    Smallwood, now self-represented, states in her notice of appeal and opening brief that she appeals because she "did not receive a letter after a phone conference of your determination." Based on our careful review of the record, Smallwood seemingly reasserts that she never received notice from the Division about an investigation into her wages earned after the deputy's November 9, 2023, determination. But, importantly, the issue of Smallwood's eligibility for benefits for wages earned *after* November 9, 2023, is distinct from the issue decided by the hearing officer — namely, that Smallwood did not earn sufficient wages between her initial claim in September 2022 and the deputy's decision on November 9, 2023. And we emphasize that the hearing officer remanded the issue of Smallwood's wages earned following November 9, 2023, to the Division for further investigation.

¶ 7    However, the only issue the Panel addressed — and thus the only issue that we may review — is whether there was good cause for the Panel to accept Smallwood's late appeal of the hearing officer's decision mailed January 17, 2024. *See* § 8-74-107, C.R.S. 2025 (granting appellate court jurisdiction to review only the Panel's

decision); *People in Interest of M.B.*, 2020 COA 13, ¶ 14 (generally, an appellate court only reviews matters on which the lower court ruled in the order being appealed).

¶ 8 Smallwood does not discuss the Panel's decision or challenge the Panel's conclusion that she lacked good cause for her untimely appeal of the hearing officer's decision. As a result, we do not address whether the Panel abused its discretion in concluding that she lacked good cause for the late filing. *See Minshall v. Johnston*, 2018 COA 44, ¶ 21 (While we must interpret pro se arguments liberally, "liberal construction does not include inventing arguments not made by the pro se party."). Consequently, we do not disturb the Panel's order.

### III. Disposition

¶ 9 The order is affirmed.

JUDGE FREYRE and JUDGE YUN concur.

4